DUANE M. GECK (State Bar No. 114823)
DAVID E. PINCH (State Bar No. 124851)
DONALD H. CRAM, III (State Bar No. 160004)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
E-Mail: dhc@severson.com

FILED

AUG 3 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff Ford Motor Credit Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FORD MOTOR CREDIT COMPANY, a Delaware Corporation,

    Plaintiff,

vs.

BONANZA AUTO CENTER, INC., a California Corporation,

    Defendant.

Case No. 2:06-CV-01940-LKK-DAD

[PROPOSED] ORDER GRANTING FORD MOTOR CREDIT COMPANY'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON APPLICATION FOR WRIT OF POSSESSION AND INJUNCTIVE RELIEF AGAINST BONANZA AUTO CENTER, INC.

    The ex parte application of plaintiff, Ford Motor Credit Company ("Ford Credit") for the issuance of an order for writ of possession and for injunctive relief was scheduled for hearing before the United States District Court for the Eastern District of California on September 1, 2006.

    The Court, having reviewed the application of Ford Credit for writ of possession and injunctive relief, the verified Complaint, the supporting declaration

of Robert Steninger, and memorandum of points and authorities on file in this action, and any opposition, finds that Ford Credit has established the probable validity that there is an immediate danger that the vehicles identified on the attached Exhibit "A" (the "Vehicles"), the other personal property described in the attached Exhibit "B" and the proceeds from the sale of any such vehicle or other personal property (collectively the "Collateral"), may become unavailable to levy and may become substantially impaired in value, and

GOOD CAUSE APPEARING, THEREFOR:

IT IS HEREBY ORDERED that:

1. Defendant, Bonanza Auto Center, Inc. ("Bonanza") received timely and proper notice of this ex parte hearing on plaintiff Ford Credit's Application for Writ of Possession and Injunctive Relief under the Court's Local Rules.

2. Ford Credit has established the probable validity of its security interest in the vehicles identified on the attached Exhibit "A" and to all of Bonanza's parts, accessories, furniture, fixtures, machinery, supplies and other equipment, contract rights, chattel paper and general intangibles, and that defendant Bonanza is in default on its loan obligations owing to Ford Credit as set forth in the moving papers. The Vehicles and other personal property are collectively referred to as the "Collateral" below.

3. Ford Credit has established that the Collateral is located at 388 Crescent Street, Quincy, California (the "Dealership").

4. Bonanza may sell or lease the Collateral in the ordinary course of business only as provided in this Order:

    a. At the time of any retail sale or lease of any Vehicle, Bonanza shall immediately notify Ford Credit of such sale or lease via email to the following email address: rstening@ford.com and by promptly delivering or faxing to Ford Credit a true copy of the

1  written contract of such retail sale or lease.

2  b.  Bonanza shall turn over possession to Ford Credit and Ford Credit shall maintain physical custody of titles for all vehicles in which Ford Credit has a lien or security interest, whether or not financed by Ford Credit.

c.  Within the earlier of five business days from retail sale or lease of a Vehicle identified on the attached Exhibit "A," or one business day from Bonanza's receipt of any of the sale proceeds for any retail sale or lease of a Vehicle, including any Vehicle identified on Exhibit "A" that has been sold or leased on or before the date of this Order for which defendant Bonanza received proceeds before or after the date of this Order, Bonanza shall immediately and forthwith remit to Ford Credit by electronic funds transfer all amounts received by Bonanza up to the amount advanced by Ford Credit to Bonanza to acquire the vehicle (the "Advanced Price"). Any proceeds in excess of the Advanced Price on a particular vehicle may be retained by Bonanza to use towards its operating expenses. Ford Credit's security interest continues to attach to the proceeds in excess of the Advanced Price to the extent they are not used to cover operating expenses;

d.  Within the earlier of five business days from sale or lease of a vehicle not identified on the attached Exhibit "A" (the "Non-Floored Vehicles"), or one business day from Bonanza's receipt of any of the "cash" proceeds of such sale or lease of a Non-Floored Vehicle, Bonanza shall immediately and forthwith remit to Ford Credit by electronic funds transfer or other immediately

- 3 -

      available funds received by Bonanza in the amount of 75% of Bonanza's net sale price of the Non-Floored Vehicle after payment of taxes, registration, and licensing.

e.    Should Bonanza receive any vehicle as a "trade-in" for the payment of a Vehicle or a Non-Floored Vehicle, Bonanza shall notify Ford Credit within one business day of receiving the trade-in by email to the following email address: rstening@ford.com . Furthermore, Bonanza shall promptly pay or satisfy any liens or amounts owing against the trade-in Vehicle. Bonanza may subsequently sell the trade-in as a Non-Floored Vehicle in accordance with subparagraph a., b. and c. above;

f.    Trades or transfers of Vehicles by Bonanza with other dealers ("Dealer Trades") are prohibited without the written consent of Ford Credit. Requests for Dealer Trades shall be made via email to the following email address: rstening@ford.com;

g.    Bonanza shall limit the use of Demonstrators to customer test drives.

h.    Bonanza may sell parts, accessories, or related supplies ("Parts") in the ordinary course of its service department's business only as follows: Bonanza shall use the proceeds from the cost of the Parts sold to either (1) buy replacement Parts, or (2) pay Bonanza's invoice cost on account of part's sales, in the form of cashier's checks or other immediately available funds to Ford Credit. While Bonanza continues to use parts, it must replenish the parts inventory to adequately protect and maintain Ford Credit's collateral position. Bonanza shall submit to Ford

- 4 -

Credit a written accounting upon its request of the following:

(a) Parts sold the previous week;

(b) Parts ordered as replacements the previous week; and,

(c) Payment for any parts not replaced the previous week.

5. Bonanza is restrained from removing any of the Collateral in such manner as to make it less available to seizure by levying officer and/or impairing the value of the subject Collateral.

6. Bonanza shall permit Ford Credit and its authorized agents and employees to enter upon Bonanza's dealership sales lot at 388 Crescent Street, Quincy, California during business operating hours. Ford Credit shall be authorized to hold possession of keys to all vehicles, to be present while all mail and other package deliveries are opened and to review the cash receipts journals on a daily basis. Ford Credit is authorized to conduct audits and inspections of the Collateral and Bonanza's books and records. Bonanza shall deliver copies of all bank statements to Ford Credit within one hour of receipt by Bonanza of such statements each day.

7. The value of Bonanza's assets is approximately $2,063,354.29 which is less than the principal amounts of the contractual obligations totaling $2,385,941.48 it owes to Ford Credit by $322,587.19. Under California Code of Civil Procedure §515.010(b), Ford Credit is not required to file an undertaking. The findings in this paragraph 7, in particular, and the finding in this order, generally, are subject to review and reconsideration at the time of the hearing set for the writ of possession and injunctive relief.

8. Hearing on Ford Credit's application for writ of possession and injunctive relief is set in this Courtroom on September 15, 2006, at 1:30 p.m.

- 5 -

10872/0106/595654.1

ORDER GRANTING FORD MOTOR CREDIT COMPANY'S
EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

1 | Bonanza shall file and serve its responsive papers no later than September 5, 2006.
2 | Ford Credit shall file any reply papers no later than September 11, 2006.  Service of
3 | Bonanza's response or Ford Credit's reply may be made by Fax.

4 |     9.    This order shall issue August 31, 2006, at _____.m.
5 | This Order shall remain in effect until modified by further order of this Court, or
6 | modified by written agreement signed by plaintiff Ford Credit and defendant
7 | Bonanza filed with and approved by order of this Court.  Pursuant to Local Rule
8 | 65-231, affected parties may apply to the Court for modification/dissolution on 2
9 | days notice or on such shorter notice as the Court may allow.

DATED: 8/31/06

_____
JUDGE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
CALIFORNIA

APPROVED AS TO FORM AND CONTENT:

ABBEY, WEITZENBERG, HOFFMAN
& EMERY, P.C.


By: /s/ David W. Berry
    Richard W. Abbey/David W. Berry
Attorneys for Defendant,
BONANZA AUTO CENTER, INC.

10872/0106/595654.1

- 6 -

ORDER GRANTING FORD MOTOR CREDIT COMPANY'S
EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER