UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FORD MOTOR CREDIT COMPANY,
a Delaware Corporation,

       Plaintiff,

                                    NO. CIV. S-06-1940 LKK/DAD

   v.

BONANZA AUTO CENTER, INC.,
A California Corporation,                  O R D E R

       Defendant.
_____/

       On August 31, 2006 the court issued an order granting Ford Motor Credit's Temporary Restraining Order. A hearing on Ford Credit's application for writ of possession and injunctive relief was set for September 15, 2006 at 1:30 p.m. Upon further review of the docket, the court became aware that defendant may not have been served with the August 31, 2006 order. Accordingly, on September 7, 2006, the court amended the August 31, 2006 order to include the following language:

> Defendant shall file a statement of opposition or non-opposition by Tuesday, September 12, 2006 at 9:00 a.m. Plaintiff shall file a reply brief by Wednesday, September 13, 2006 by 5:00 p.m.

Plaintiff was directed to serve a copy of the September 7, 2006 Order as well as a copy of the August 31, 2006 order on defendant.

Plaintiff filed a certificate of service on September 7th, 2006.  Defendant has failed to file a statement of opposition or non-opposition per the Court's September 7th Order.  The court notes that plaintiff served defendant via U.S. Mail (as opposed to fax, or e-mail).  Therefor, the court does not know if defendant received the September 7th Order with sufficient time to respond to the deadlines set forth therein.

For these reasons, the court determines that the hearing on the preliminary injunction set for September 15, 2006 may be premature.

The Federal Rules of Civil Procedure provide that a TRO:

> shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Fed. R. Civ. P. 65(b).[1]  See Bennett v. Medtronic, Inc. 285 F.3d 801, 804 (9th Cir. 2002)(citing rule).

For good cause shown (in order to allow the parties to fully

---

[1] "A district court is permitted to extend a TRO for 'a like period' if 'good cause' is shown.  The Supreme Court has interpreted the phrase 'a like period' as permitting a court to extend the TRO for 'up to an additional 10 days.'" In re Criminal Contempt Proceedings Against Gerald Crawford, Michael Warren, 329 F.3d 131, 136 (2nd Cir. 2003)(citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 440 n. 15 (1974)).

brief the issue), the court hereby ORDERS as follows:

1. The TRO, issued on August 31, 2006, shall continue in effect until September 25, 2006 at 10:00 a.m.(or until the court issues its order on the motion for preliminary injunction, whichever occurs first).[2]

2. The preliminary injunction hearing scheduled for September 15, 2006 at 10:00 a.m. is CONTINUED to September 25, 2006 at 10:00 a.m.

3. Defendant shall file a statement of opposition or non-opposition by September 18, 2006. Plaintiff may file a reply by September 20, 2006.

4. Plaintiff is directed to immediately serve a copy of this order on defendant. Plaintiff is also directed to immediately fax a copy of this order to counsel for defendant.

5. Defendant shall file a notice of acknowledgment of receipt of this order.

6. The parties are to disregard the dates set forth in the September 7, 2006 order.

IT IS SO ORDERED.

DATED: September 12, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Note that Federal Rule of Civil Procedure 6(a) excludes weekends and holidays in calculating periods of time that are less than 11 days. See Fed. R. Civ. P. 6(a).

3